E. M. McKENNON v. STATE.

No. A-5160. Opinion Filed Oct. 1, 1925.
(239 Pac. 680.)

H. J. Mackey, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charged that in Oklahoma county, November 28th, E. M. McKennon and John Doe did then and there unlawfully transport eight gallons of whisky from a point in said county unknown to the intersection of Main street and Broadway, Oklahoma City. Upon his separate trial, the jury found the defendant McKennon guilty and fixed his punishment at a fine of $50 and confinement for 30 days in the county jail. From the judgment rendered on the verdict, he appeals.

It is assigned as error that the verdict was contrary to law and the evidence, and that the court erred in instructing the jury as to the law of the case.

The evidence shows that on the date alleged a Ford car stalled near the middle of the street near the corner of Broadway and Main street.

E. W. Cantrell, traffic officer, testified that said car began to jamb the traffic and he went to the car to see what was the matter and smelt whisky; that he looked in behind the curtains and the defendant McKennon was sitting in the back seat, and there was a five-gallon jar and a one-gallon jar and other smaller jars between the seats; the jars were full of corn whisky. The driver of the car left and could not be found. That he called Captain J. B. Ryan, who arrested the defendant McKennon.

Captain Ryan testified as to the whisky found in the car, and that the defendant McKennon was drunk.

The defendant as a witness in his own behalf denied ownership of the whisky, and stated that a man driving an automobile overtook him east on Twenty-third street and asked him if he wanted to ride to town; that another man riding with the driver in the front seat got out of the car before they reached Broadway and the driver told him not to get out and expose the "stuff"; that he had not seen the men who were driving the car in question before that day.

It is an elementary rule that in every criminal prosecution the guilt of the accused of the offense charged must be established by the evidence beyond a reasonable doubt, however, it is an equally well-recognized rule that the conviction of the defendant may be had upon circumstantial evidence alone, when it is of such force as to exclude every reasonable hypothesis of his innocence. And this is especially true of violations of the liquor laws, which are nearly always committed by methods that often make detection difficult.

In all such cases, it is the province of the jury to pass upon the credibility of witnesses and determine from the evidence as a whole the guilt or innocence of the defendant, and in this case no reason whatever is apparent for defendant's complaint that the evidence is insufficient to support a conviction.

There is nothing in the objections to the instructions.

Finding no reversible error in the record, the judgment appealed from herein is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.